# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRENIA KAY BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-425-RAW-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Trenia Kay Butler (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 11, 1962 and was 48 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade. Claimant has worked in the past as a cashier, deli worker, and cafeteria worker. Claimant alleges an inability to work beginning May 1, 2007 due to limitations

3

resulting from diabetes and a back and leg condition.

## Procedural History

On January 13, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Charles Headrick ("ALJ") on November 7, 2011 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on December 9, 2011. On July 22, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to identify all of her severe impairments at step two; (2) failing to engage in a proper credibility evaluation; (3) failing to

adequately develop the record; and (4) failing to give due consideration to the combined effect of Claimant's impairments when assessing her RFC.

## Step Two Evaluation of Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetic neuropathy and osteoarthritis. (Tr. 15). He concluded that Claimant retained the RFC to perform her past relevant work as a cashier and cafeteria worker. (Tr. 18). Alternatively, the ALJ found Claimant's RFC allowed her to perform light work except that she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Claimant must avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation. (Tr. 16). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of bakery worker, bench assembler, and electrical assembler, all of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 19). Based upon these findings, the ALJ concluded Claimant was not disabled from March 10, 2009 through the date of the decision. Id.

Claimant contends the ALJ failed to include all of her impairments at step two. Specifically, Claimant contends that ALJ

5

should have included the additional impairments of obesity, asthma, bilateral elbow arthritis, bilateral thumb degenerative changes, degenerative disc disease of the cervical, lumbar, and thoracic spine, and bilateral knee arthritis in his evaluation.

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g.* Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants

disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or

other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Because the ALJ did find that Claimant had severe impairments, any failure to find Claimant's additional impairments severe at step two is considered harmless error because the ALJ would nevertheless be required to consider the effects of these impairments and account for them in formulating Claimant's RFC at step four. See, e.g., Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [Claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits

conclusively at step two and proceeded to the next step of the evaluation sequence.'"), quoting Langley v. Barnhart, 373 F.3d 1116, 1123-24 (10th Cir. 2004) and 20 C.F.R. § 404.1523. See also Hill v. Astrue, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.' ") [emphasis in original] [citations omitted].

The ALJ determined Claimant suffered from osteoarthritis. (Tr. 15). Claimant has failed to demonstrate that the addition of the other musculoskeletal conditions identified by her would have resulted in additional restrictions in her ability to engage in basic work activities. Further, the non-musculoskeletal condition of asthma is only referenced in the heading of the argument in Claimant's brief but not supported within the argument. Claimant listed asthma as an historical condition on one medical record. (Tr. 386). No functional impairment from this condition is borne out by the record. No further treatment was apparently sought for asthma.

As for Claimant's assertion of obesity, an ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments). At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id.

The ALJ recognized Claimant's height of 5'4" and weight of 251 pounds with a Body Mass Index of 43.08. (Tr. 17). Claimant never raised obesity as a basis of disability or provided testimony to that effect. Other than speculating that Claimant's obesity exacerbated her other medical conditions, Claimant failed to meet her burden to demonstrate obesity had any effect upon the disability determination. As recognized by the Tenth Circuit Court

of Appeals, speculation upon the effect of obesity is discouraged.[2] *See*, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.). It is Claimant's burden at step four to establish "that the impairment or combination of impairments prevents h[er] from performing h[er] past work." Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005) quoting Williams v. Bowen, 844 F.2d 748, 750-752 (10th Cir. 1988). Claimant has failed in this evidentiary burden. This Court finds no error in the ALJ's failure to include the litany of conditions listed by Claimant.

**Credibility Determination**

Claimant challenges the adequacy of the ALJ's credibility analysis. The ALJ cited Claimant's testimony that she was unable to walk more than 200 yards without her legs going numb, could stand for only 20-30 minutes at a time, experienced problems with her hands going numb, knee pain, and foot swelling if she sits, need for a change of position ever hour, difficulty grasping and lifting. He also noted that Claimant testified she does not housework, laundry or shopping and can only partially cook a meal. (Tr. 16-17).

The ALJ then cited to the medical record that Claimant had 5/5 grip strength, full range of motion in her lumbar, thoracic, and

---

[2] "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

cervical spine, the capacity to operate a recumbent bicycle, and a reduction of her 3/10 knee pain to zero through physical therapy. Her physician advised that she increase her walking distance and use weight machines in her therapy. No significant central canal or neural foraminal stenosis was noted in Claimant's cervical spine. Based upon these objective medical findings, the ALJ determined Claimant's allegations of disability were not supported. (Tr. 17).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying

flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ fulfilled his obligation to affirmatively link his credibility findings with the objective medical record. This Court finds no error in his analysis.

**Duty to Develop the Record as to RFC Assessment Evidence**

Claimant argues the ALJ should have developed further evidence of her functional capacity and obtained "an updated residual functional capacity assessment." Claimant contends the ALJ relied upon the assessment of Dr. Sharon Dodd from October 22, 2010 which was completed before the bulk of objective medical evidence was submitted. Claimant takes a unduly restrictive view of the ALJ's findings. The ALJ relied upon not only the assessment referenced by Claimant but also the report of Dr. Schatzman, the medical records from Claimant's treatment, and Dr. Dodd's assessment. (Tr. 17). The ALJ's RFC was supported by all of these sources and Dr. Dodd's RFC assessment was not out of line with any of this medical evidence. This Court finds no error in the ALJ failing to obtain further RFC opinion evidence.

**RFC Evaluation**

Claimant again asserts that it was inappropriate for the ALJ

13

to rely upon Dr. Dodd's RFC assessment of functional limitation. This argument has been addressed. Claimant also appears to argue that the ALJ should have done a percentage attribution of functional limitation to each potential impairment from which she alleges she suffers. Nothing in the regulations requires this type of "worker's compensation"-type disability rating in the Social Security arena. Claimant then proceeds to explain how Indian health clinics do not treat all existing impairments at the same time. Not only is this unsolicited explanation irrelevant, it is unsupported by any evidence introduced during the proceedings before the ALJ. The ALJ's RFC assessment as written is supported by substantial evidence.

**Step Four Analysis**

Claimant asserts the ALJ failed to perform the necessary analysis of her past relevant work. In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has determined that the ALJ's RFC assessment was not erroneous.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in

14

this case inquired of the vocational expert as to the demands of Claimant's past relevant work. (Tr. 489). The expert testified the cashier job requires the ability to perform light, unskilled work, the deli worker job requires medium, unskilled work, and the cafeteria worker job requires light, semi-skilled work. (Tr. 490).

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ asked the vocational expert whether someone at Claimant's determined RFC could perform the jobs which constituted Claimant's past relevant work. The vocational expert stated Claimant could perform the past relevant work of cashier and cafeteria worker. (Tr. 490-91). Consequently, the ALJ fulfilled his obligation in the third phase. This Court finds no error in the ALJ's step four analysis.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with

the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE